People v Patterson (2024 NY Slip Op 01257)

People v Patterson

2024 NY Slip Op 01257

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Ind. No. 10931/87 Appeal No. 1799 Case No. 2019-04229 

[*1]The People of the State of New York, Respondent,
v
Kirk Patterson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Nathan R. Brown of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Claire E. Lynch of counsel), for respondent.

Order, Supreme Court, New York County (Roger S. Hayes, J.), entered on or about September 6, 2019, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 10 points under risk factor 13 for unsatisfactory conduct while under supervision, based on defendant's conviction for murder committed while he was on parole in connection with the underlying sex offense. Defendant's contention that the murder conviction, which occurred 25 years before the SORA hearing, was too remote in time to be predictive of his risk of recidivism is unavailing, as "the guidelines contain no time limits for that risk factor" (People v Stewart, 217 AD3d 509 [1st Dept 2023], lv denied 40 NY3d 909 [2023]). The fact that the murder conviction did not involve sexual conduct does not warrant a point reversal, since defendant was assessed points for "unsatisfactory" conduct, rather than conduct that is "unsatisfactory with sexual misconduct." In any event, as defendant concedes, his presumptive risk level remains a level two even without the 10 points.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were either adequately taken into account by the risk assessment instrument or were outweighed by the seriousness of the underlying sex offense, where he robbed and raped a female stranger at gunpoint, and the murder conviction (see People v Rochford, 220 AD3d 546 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024